Filed Feb. 14, 1889.

No. 13,608.

## WINSTANDLEY v. CRIM, AUDITOR.

SCHOOL FUND MORTGAGE.—*Sale.*—*Injunction.*—*Secret Vendor's Lien.*—*Negligence of Auditor.*—A complaint to enjoin a sale of land by a county auditor to satisfy a school fund mortgage, which shows that the plaintiff, after the mortgage was executed, purchased the land under the foreclosure of a secret vendor's lien antedating the mortgage, and alleges that the plaintiff, at the time the mortgage was executed, held a judgment against the mortgagor, but makes no claim of title under that judgment, and alleges further that the auditor in taking the mortgage failed to require an oath of the mortgagor, and a certificate of the clerk

and recorder, that the land was unincumbered, and also failed to have the property appraised, as provided by law, is not sufficient to entitle the plaintiff to an injunction or to avoid the mortgage. For the complaint in full, see opinion.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.

*W. H. Martin,* for appellee.

BERKSHIRE, J.—This is an action to obtain a perpetual injunction.

The court below sustained a demurrer to the complaint; the appellant refused to amend, and judgment was rendered against him for want of a good complaint.

The only error assigned is the sustaining of the demurrer to the complaint.

There are two exhibits, marked A and B, filed with the complaint, but as they are not the foundation of the action they are wholly immaterial and will not receive further attention.

The character of the averments in the complaint is such that we can not do better than to copy the complaint. Omitting the title, it reads: " The plaintiff herein, William C. Winstandley, complains of Isaac H. Crim, auditor of Lawrence county, and says that heretofore, to wit, on June 11th, in the year 1885, he, plaintiff, became the purchaser at sheriff's sale of the following described lands, situate in Lawrence county, Indiana, to wit: The northeast quarter of the southeast quarter of section seven (7), town. four (4) north, of range one (1) west, containing forty (40) acres; that the sheriff of Lawrence county thereupon issued to him a certificate of purchase therefor, which said certificate he, plaintiff, held until the same was merged in the deed hereinafter mentioned; that said lands were sold upon a decree foreclosing a vendor's lien thereon in favor of this plaintiff, in a suit heretofore tried in the Lawrence Circuit Court, wherein this plaintiff was plaintiff, and Milton N. Moore, Austin Bass

and Wesley Rout were defendants, wherein it was expressly directed and decreed that the rights of this plaintiff were prior and paramount to the rights of said Moore, Bass and Rout; and it was also expressly found and decreed that as to the sum of two hundred dollars, with interest thereon accrued from May 24th, 1887, said sum and interest, represented by a note signed by Austin Bass and payable to Wesley Rout, of said date, was due this plaintiff, and, being for purchase-money of the lands hereinbefore described, was a vendor's lien upon said lands and a first and paramount lien to all others; and plaintiff says that said note at said date and long prior thereto, and prior to the execution of the mortgage hereinafter mentioned and herein complained of, was a first lien upon the lands herein and in said mortgage described; and plaintiff says that, subsequently, said sum of money remaining due and unpaid, he caused an order of sale to be issued upon said decree, and your petitioner says that the defendant Isaac Crim, auditor of Lawrence county, acting in his official capacity, has caused the said lands to be advertised for sale, Monday, March 22d, 1886, to satisfy a pretended mortgage to the common school fund, and will, unless restrained and enjoined from so doing, sell the same.

" Your petitioner files herewith a printed copy of the notice of the said auditor, marks the same exhibit A, and makes the same a part hereof. And he says that said auditor is pretending that his said mortgage is a first lien on said lands, and unless restrained from so selling the same, will proceed, to his irreparable injury and detriment. And plaintiff says that he, under said order of sale and decree aforesaid, now holds a deed for said lands from the sheriff of Lawrence county, Indiana, which has been duly recorded, and that the plaintiff is now in possession of said lands under said deed. Plaintiff says defendant ought to be restrained and enjoined from proceeding further in said matter, for the reason that neither said defendant nor the common school fund in said county and State has any interest in said lands; that the

said pretended mortgage on which defendant is offering to sell said lands is void, and of no effect, in this, to wit, that the said mortgage was taken by said auditor after he had been put upon his inquiry of the insolvency of the said Austin and Lucy Bass, mortgagors, and the existence of this plaintiff's claim; that, at the time of the execution of said mortgage, said Bass and Bass were wholly insolvent, and as said auditor had good reason to know; that said mortgage is wholly void, for the reason that, at the time the same was executed, there was a judgment in the Lawrence Circuit Court in favor of this plaintiff, which was a lien upon the same to the amount of more than the value of said land, which judgment at said date was in full force, due and unpaid, and unappealed from, as then shown by the records of said Lawrence Circuit Court, and was prior to all rights and equities of said Austin Bass in and to said land, and that when said Bass purchased said land by him so mortgaged to the school fund, he took the same with full knowledge of, and subject to, said lien; and void for the further reason that no certificate of the clerk and recorder was ever filed by the applicant with said auditor prior to the execution of the said mortgage, and for the further reason that a period of more than two years has elapsed without said land having been offered for sale, and without the interest having been paid, and for the further reason that said mortgage was executed without the said Austin Bass having ever taken an oath as required by law, and without taking any oath, that said property in said mortgage described was without encumbrance, and for the further reason that said property was never appraised by three freeholders residing in the neighborhood of said lands, as required by law, and for the further reason that at the time of the execution of said school fund mortgage, June 27th, 1878, said lands were encumbered by the lien of the judgment in the Lawrence Circuit Court for more than their full value, in favor of this plaintiff as assignee of Davis Harrison, and, also, by the note of Austin Bass to Wesley Rout, which was

subsequently declared a vendor's lien, and which was then a vendor's lien upon said lands; and plaintiff files a copy of said mortgage herewith, and makes the same a part hereof, and marks it exhibit B. Wherefore the plaintiff asks that the said mortgage of said school fund be declared void, and set aside as against the plaintiff, and that the lien of the plaintiff be declared a prior lien, and that the said Crim be perpetually enjoined of any interference with the same, or selling the same, and that he, Crim, auditor, be temporarily enjoined until the matter can be heard and determined."

After setting out the complaint, our opinion is brief. All the facts that are averred in the complaint may be true, as admitted by the demurrer, and yet the State of Indiana be a purchaser for value without notice.

The complaint avers that the appellant, when the mortgage was executed, held a judgment, that was a lien upon the mortgaged lands, greater than the value of the lands. But the appellant makes no claim of title under this judgment.

The complaint alleges a neglect of duty on the part of the auditor when he made the loan and accepted the mortgage, but we can not imagine why the appellant should complain of that. If the county auditor was guilty of the negligence alleged against him, it may be that the State of Indiana will have cause for complaint should loss to the school fund follow as the result, but we can imagine no reason why the school fund should be prejudiced and the appellant correspondingly benefited because of such negligence.

It is argued that if the auditor had required of the mortgagors a proper affidavit at the time he made the loan, the existence of the appellant's vendor's lien would have been made known. It might have been or it might not; what the result would have been is past finding out. But one thing is certain, the trust fund can not be prejudiced because of the negligence of the auditor in the particulars alleged.

The law requires the affidavit as a safeguard to the trust fund, not to the citizen.

The appellant, when he elected to rely on his secret lien, assumed the risk of losing his security in case an innocent purchaser, for value and without notice, should appear.

If the appellant had taken a mortgage to secure the obligation which he held, and had had it duly recorded, his rights would have been fully protected, and the rights of no one else jeopardized in a controversy over the question of notice.

The judgment is affirmed, with costs.

